# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Robinson,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>County of Los Angeles Office of Public Safety,<br>　　　　　Defendant(s).<br>_____ | **Case No. CV 06-02409-GAF(VBKx)**<br>**CIVIL TRIAL ORDER** |

The case has been set for trial on the date specified in the Court's "Case Management and Scheduling Order." The Court's procedures and requirements for civil trials are set forth below.

## A. MOTIONS IN LIMINE

1. Motions in limine are not to be used as disguised motions for summary judgment or as discovery motions that were not timely filed before the discovery cut-off. Their purpose is limited to alerting the Court to significant evidentiary issues that can be addressed and resolved prior to trial.

2. The Court has found that many of the issues raised in motions in limine can be readily resolved by counsel if they prepare for trial in a spirit of professionalism and cooperation. Therefore, before filing any motion in limine, counsel are to meet and confer

regarding the potential evidentiary dispute, and the Court is to be advised in the motion that such meeting has occurred. If either party refuses to participate in the meet and confer process, the Court will impose sanctions including a resolution of the issue against the party refusing to cooperate.

**B.  THE COMMENCEMENT OF THE TRIAL**

On the <u>Friday</u> before the first day of Trial, Counsel shall email to the Courtroom Deputy Clerk at (Renee_Fisher@cacd.uscourts.gov) an electronic version of the Witness List, Exhibit List, Proposed Jury Instructions and the proposed Special Verdict in WordPerfect format.

1.  Counsel shall arrive in the Courtroom at 8:30 a.m. on the first day of trial for the purpose of handling logistical and administrative matters pertaining to the trial, including the submission of exhibits as discussed below.

2.  Counsel shall present the Courtroom Deputy with the following documents on the first day of trial:

   a.   <u>THREE</u> <u>copies</u> of the trial Witness List and Exhibit List.

   b.   <u>ALL</u> of the original exhibits, with official exhibit tags attached and bearing the same number shown on the exhibit list. The original, tagged exhibits are to be placed in a tabbed binder with the exhibit number displayed prominently on the tab corresponding to the exhibit. Exhibit tags can be obtained from the receptionist in the main Clerk's Office, located at 312 North Spring Street, Room G-8.

   c.   A <u>bench book</u> containing a copy of all exhibits that can be reproduced. Each exhibit shall be side-tabbed with the exhibit number for easy referral

   d.   An exhibit list, proposed jury instructions, and the proposed special verdict in WordPerfect format on electronic media.

A copy of the exhibit list with all **admitted exhibits** will be given to the jury during deliberations. Counsel shall review and approve the exhibit list with the Courtroom

1  Deputy prior to it being given to the jury.

2      3. If counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Court's Space & Facilities Department, 213-894-3061  no later than 4:30 p.m. the Thursday BEFORE trial so that the necessary arrangements can be made.

    4. Trials commence on Tuesday at 8;30 a.m., with jury selection beginning at 9:30 a.m., or as soon thereafter as possible.  Trials are conducted Tuesday through Friday on a schedule to be determined by the Court.  Depending on the nature of the case and the anticipated length of the trial, the Court may conduct trial from: (1)  9:00 a.m. to 5:00 p.m., with two fifteen (15) minute breaks normally at 10:30 a.m. and 3:00 p.m., and a lunch recess from 12:00 p.m. to 1:30 p.m; or (2) 8:30 a.m. to approximately 2:30 p.m. with two 20 minute breaks.

    5. Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  On the first day of trial, this will include a final discussion regarding voir dire questions and the content of the joint statement.  During the trial, if there are any matters you wish to discuss, please inform the Courtroom Deputy.

    6.  During the trial, the Court reserves the time immediately prior to the daily commencement of testimony to handle legal and administrative matters outside of the presence of the jury.  Counsel is urged to anticipate matters which may need discussion or hearing outside of the presence of the jury and to raise them during this period, during breaks or at the end of the day.

**C.  WITNESSES**

    1. The Court's Scheduling and Case Management Order provides for the service of witness lists two weeks prior to the Pre-trial Conference.  ***These lists are to include those witnesses who counsel anticipates calling at trial.  These lists may be amended no later than one week before trial, at which time counsel are to give final notice of those witnesses whom they intend to call at trial.  Modification of the***

***witness list thereafter will be permitted only on motion to the court and a showing of good cause.***

    2. During trial counsel are to give their opponent **48 hour notice** of the witnesses they intend to call to testify. Thus, for example, plaintiff must advise defendant, no later than Sunday of the witnesses plaintiff intends to call on the first Tuesday of trial. Failure to adhere to this provision of the Court's order may result in the Court precluding the witness from testifying at trial.

### D.  TIME LIMITS

    1. The Court will, in every case, impose time limits on the amount of time each side will have for opening statements, witness examination and closing argument. The time limits will be established at, or shortly after, the pre-trial conference. The time allotted for the presentation of evidence by a party represents the amount of time given to that party to examine witnesses whether on direct or cross-examination.

    2. At trial, the Court may cut witness examination time if it appears to the Court that the evidence being presented is cumulative. In other words, the Court may reduce the amount of time that it has initially allotted for the examination of witnesses if events occurring during the course of trial suggest that further limitation is appropriate.

### E.  VOIR DIRE AND JURY SELECTION

    1. The Court will conduct voir dire after conferring with counsel regarding potential areas of questioning. A substantial portion of the voir dire will be based on written questions given to the jurors when they arrive at Court.

    2. In most cases, the Court will conduct its initial voir dire of 14 prospective jurors who will be seated in the jury box. Normally the Court selects a jury of eight.

    3. Except in an unusual case, each side will have three peremptory challenges. Therefore, if 14 jurors are in the box and all six peremptories are exercised, the remaining eight jurors will constitute the jury panel. If fewer than six peremptories are exercised, the eight low-numbered jurors (by seat number in the jury box) will constitute the jury panel.

### F.  COURT TRIALS

1. In Court trials, the Court may require the submission of direct testimony in the form of an affidavit, a declaration under penalty of perjury, or excerpts of deposition testimony. The witness must be present in Court for cross-examination on the proffered direct testimony.

2. The party proffering the witness may conduct a re-direct examination, but limited to new matter raised on cross which is not covered by the direct testimony of the witness.

## G. INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL

1. Counsel are expected to cooperate with each other during trial to insure the efficient and expeditious use of the time of the Court and the jurors.

2. Counsel shall not refer to their clients or any witness over 14 years of age by their first names during trial.

3. Do not discuss the law or argue the case in opening statements.

4. When objecting, stand before speaking, state only that you are objecting and the legal ground of the objection, e.g., hearsay, irrelevant, etc. Do not argue an objection before the jury.

5. Questions should not be preceded by editorial comment of any sort. Attorneys are not witnesses and should not behave as if they are.

6. The Court disfavors argumentative questions and will sustain its own objection to such questions.

7. In multi-party cases, counsel are expected to coordinate their cross-examination. The Court will not permit each party's counsel to repeat previous cross-examination questions.

8. Do not approach the Courtroom Deputy or the witness box without the Court's permission. Please return to the lectern when your purpose has been accomplished. Do not enter the well of the Court without the Court's permission.

9. Please rise when addressing the Court. In jury cases, please rise when the jury enters or leaves the courtroom.

10. Address all remarks to the Court. Do not directly address the Courtroom Deputy, the reporter or opposing counsel. If you wish to speak with opposing counsel, ask permission to talk to counsel off the record. All requests for the re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

11. Although the Court encourages the parties to stipulate to facts that are not reasonably in dispute, do not offer a stipulation unless you have previously conferred with opposing counsel and reached an agreement.

12. While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

13. When a party has more than one lawyer, only one may conduct the examination of a given witness and only that lawyer may handle objections during the testimony of that witness.

14. If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

15. Do not run out of witnesses. If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

16. The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be put on out of sequence. Anticipate any such possibility and discuss it with opposing counsel. If there is an objection, confer with the Court in advance.

17. Counsel are advised to be on time as the Court starts promptly.

18. During closing argument counsel should avoid the following:

    a. Do not speak in the first person and offer opinions regarding the evidence. Argue the evidence and inferences that may be drawn from the evidence.

    b. Do not discuss personal experiences and how they may reveal anything about the evidence.

      c. Do not use contemporary news events or other lawsuits to make a point during argument, e.g., the McDonald's spilled coffee case or anything involving O.J. Simpson. Stick to the evidence in this case. At the same time, counsel in argument may draw on matters that have become well established in the broader culture, e.g., the fable of the Good Samaritan, literary classics such as the works of Shakespeare, Dickens and Mark Twain, and the like.

      d. Do not appeal to the personal interest of the members of the jury panel, such as arguing that a plaintiff's verdict would cause an increase in insurance premiums.

      e. Do not present demonstrative materials without showing them to opposing counsel; insure that the information in the demonstrative finds support in the record or its use will be precluded.

IT IS SO ORDERED.

Dated: October 4, 2011

_____

**Gary Allen Feess**
**United States District Judge**