LINK: 106, 107, 108, 112, 113, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**      (In Chambers)

## ORDER RE: MOTIONS IN LIMINE

The following sets forth background facts potentially relevant to all motions in limine.

Plaintiff Richard Robinson, who held the rank of sergeant, worked for a number of years as an officer in the County of Los Angeles Office of Public Safety. Having received favorable work reviews over the years, he took an examination in 2003 to become eligible for promotion to lieutenant. He was eventually placed in the highest band of candidates but was not promoted before the eligibility list expired in 2006. Robinson now contends that he was not promoted because his superiors were retaliating against him for reporting misconduct in the department in violation of his First Amendment rights, and brings this Section 1983 suit against the County, Chief Margaret York, and high ranking officers William Nash and Victor Turner.

To prove his claim of First Amendment retaliation, Robinson must demonstrate that (1) in his capacity as a citizen and not pursuant to his official duties he engaged in constitutionally protected speech;[1] (2) the defendants took an adverse employment action against him, which can

---

[1] The speech must address matters of public concern, Connick v. Myers, 461 U.S. 138, 147 (1983), which presents a legal question for the Court. The Court has previously ruled that the following subjects (and only those subjects) are proper matters for the retaliation claim in this case:
  1. Testifying against the County in a May 2002 class action lawsuit alleging that the County engaged in systematic discrimination and harassment against sworn OPS officers;
  2. Reporting possible corruption by fellow officer Mitch Grace, who was allegedly working for an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

include a failure to promote; and (3) the employee's speech was a "substantial or motivating" factor for the adverse action.  Freitag v. Ayers, 468 F.3d 528, 543 (9th Cir. 2006).

The Court now has before it a number of motions in limine filed by the parties.  The following sets forth the Court's rulings on those motions.

### A.  PLAINTIFF'S MOTIONS IN LIMINE.

Motion in Limine No. 1: To Exclude Evidence and Argument that the Individual Defendants are Entitled to Qualified Immunity

Defendants moved for summary judgment on the issue of qualified immunity.  The motion was denied and the Court's denial was affirmed by the Ninth Circuit.  Plaintiff now moves to exclude the presentation of any evidence that might have some bearing on the question of qualified immunity.  Plaintiff does not identify any particular evidence to be excluded, but contends that the issue of qualified immunity has been removed from the case.

Defendants oppose the motion on the ground that it is a disguised motion for summary

---

outside employer while "on the clock" for the county;
3. Reporting possible drinking by sworn police officers during work hours;
4. Following up with Internal Affairs, Defendant Nash, and others in December 2003 and February 2004, when it appeared that nothing was being done regarding his reports of corruption and on-duty drinking;
5. Reporting the display of distinctive tattoos on the bodies of several members of the OPS training unit, reminiscent of the questionable "Viking" tattoos sported by members of the Los Angeles Sheriff's Department, and suggesting the possibility of racist or anti-Semitic attitudes by members of the unit;
6. Reporting a possible battery on a police explorer;
7. Filing an official complaint with Internal Affairs regarding fellow officer and friend Nancy Leiva, who was allegedly a victim of racial and ethnic discrimination in connection with the display of a sign that read "Parking for Irish Only";
8. Reporting a possible use of excessive force incident that he heard had occurred during the detention of a suspect.

With respect to the first element, the Court must also determine under the balancing test established in Pickering v. Board of Education, 391 U.S. 563, 568 (1968), whether the employee's free speech interests outweigh the employer's interests in preventing workplace disruption.  Moran v. State of Washington, 147 F.3d 839, 846 (9th Cir. 1998).  However, the question of whether there was actual disruption presents a question of fact that must be resolved by the jury before the Court applies the balancing test.

LINK: 106, 107, 108, 112, 113, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

judgment, which this Court's scheduling order precludes. Defendants contend that the issue has not been removed from the case. Defendants note that the Court found that they were not entitled to qualified immunity "if Plaintiff is believed" and "if Plaintiff proves his case." They likewise cite to language from the Ninth Circuit's decision indicating that the issue before it was whether Defendants are entitled to qualified immunity "as a matter of law assuming all factual disputes were resolved in Robinson's favor." Finally, Defendants cite to Ortiz v. Jordan, 131 S.Ct. 884, 889 (2011) for the proposition that a "plea" of qualified immunity remains available at trial even if it cannot be resolved summarily.

In this case on this record, Defendants are wrong. Yes, qualified immunity may be available at trial if there is an issue of fact regarding precisely what occurred in a situation where, viewed one way, the facts would establish a violation of a clearly established constitutional right but viewed in another way might violate a right that was not clearly established. This is not such a case. The Court has already determined, as a matter of law, that Plaintiff spoke out on matters of public interest as indicated in Note 1 of this order. Further, the Court will, at the appropriate time, conduct the Pickering balancing. Given these determinations, what both this Court and the Ninth Circuit have held is this: assuming that Plaintiff proves facts establishing each element of the claim he has alleged in his complaint, he will have established a First Amendment retaliation claim for which there is no qualified immunity defense. If Robinson does not prove those facts and fails to prove at least one of the elements of his claim, he will have failed to prove any violation at all. In the latter case, Defendants will win not because they have immunity but because they did not violate Plaintiff's rights. In other words, this is a case where the particular right has been clearly established (which both this Court and the circuit have recognized) but where the violation of that right remains at issue for trial.

Ortiz does not require a different result. Ortiz was a case where the trial judge had determined that a purported qualified immunity defense turned on material facts genuinely in dispute. The trial court therefore allowed the issue to proceed to trial. The reasons for that ruling were not discussed because the issue presented in the Supreme Court was entirely procedural – whether an order denying a motion for summary judgment on qualified immunity could be appealed after a full trial on the merits. (Answer: No.) Nowhere in its opinion did the Supreme Court hold that a trial court must always allow the issue of qualified immunity to proceed to trial regardless of its ruling on a motion for summary judgment. Indeed, it would make no sense to make such a rule because a defense of qualified immunity may fail pre-trial because it is bound up with the facts of the case, or because the Plaintiff's theory involves a right so clearly established that no reasonable officer would be unaware of the rule.

LINK: 106, 107, 108, 112, 113, 114

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

In short, Defendants' arguments completely miss the mark. They insist, for example, that "if the jury finds it was not 'clearly established' that Robinson was speaking as a private citizen – or if Robinson fails to adduce sufficient evidence at trial on this issue – then the Individual Defendants will [be] entitled to qualified immunity." (Oppos. at 4.) Not so. In such circumstances Defendants will be entitled to a judgment in that case because Plaintiff has not met his burden of proving an element of his claim, not because Defendants are immune from liability for refusing to promote him for speaking out on matters of public importance.

The motion is **GRANTED**. The Court will not instruct on qualified immunity and will not allow argument to the jury on that issue.

Motion in Limine No. 2: To Exclude Evidence and Argument that Plaintiff's Protected Speech, as Outlined in this Court's August 7, 2007 Order Involves Matters of Public Concern

Plaintiff moves to exclude evidence that the items set forth in the footnote above were not matters of public concern. Defendants oppose the motion. They contend that the issue has never been resolved and that they should be permitted to present evidence regarding the "content, form and context" of the various statements.

Both parties are, to a degree, correct. The Court has determined that the *subject matter* of Robinson's alleged speech involves matters of public interest and that the Court was therefore precluded from granting Defendants' motion for summary judgment. To that extent, Plaintiff is correct. However, the Court has not yet made a final determination as to whether the speech at issue encompasses matters of public interest and will not be in a position to do so until after the presentation of evidence at trial. Evidence regarding precisely what was said, the form that it took (e.g., written or oral), to whom it was said, and the context in which it was said will be permitted at trial. To that extent, Defendants are correct.

At the end of the presentation of evidence, however, it will be for the Court and not the jury to determine whether the speech touched on matters of public importance. The Court reiterates what it wrote in its ruling on the motions for summary judgment:

> "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48. Although context is relevant (for example, did the speech involve a private conversation among co-workers or to a supervisor or manager), the most important consideration is "the content of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

speech." Weeks v. Bayer, 246 F. 3d 1231, 1234 (9th Cir. 2001). Whether speech addresses a matter of public concern presents a question of law, not of fact. Alpha Energy Savers, Inc. v. Hansen, 381 F.3d 917, 923 (9th Cir. 2004) (citing Connick, 461 U.S. at 148 n.7).

The motion is therefore **GRANTED IN PART** and **DENIED IN PART.**

Motion in Limine No. 3: To Exclude Evidence and Argument of Plaintiff's Separation of Employment with the LAPD

Plaintiff moves to exclude evidence that he was terminated from LAPD prior to being hired by the Los Angeles County Office of Public Safety. Plaintiff contends that his separation from LAPD was disclosed to the County before he was hired and that none of the Defendants, "despite being asked," ever indicated that the LAPD termination had any role in the personnel actions at issue in this case.

Defendants offer a somewhat disingenuous response in which they indicate that they will not mention the LAPD termination in opening statement, but complain about the misstatements and lack of specificity in the motion, theorize as to what the defendants may or may not know (as if counsel doesn't know what Defendants would say on these subjects), and speculate as to the many ways in which the evidence might be relevant at trial. Defendants have thereby accomplished one primary objective with this response – they have kept the Court in the dark as to whether and to what extent they will testify as to how the LAPD termination affected their conduct toward Robinson.

The proponent of evidence has the burden of showing its relevance. The Court cannot imagine that the LAPD separation is probative on any issue in this case, or, if it is, why the prejudicial effect of such evidence would not be outweighed by the potential for prejudice, confusion and undue consumption of time. Certainly Defendants, when confronted by this motion, have made no such showing. Accordingly, the motion is **GRANTED.** Defendants are to make no reference to or to offer evidence of the facts and circumstances relating to Robinson's termination by the LAPD. Moreover, Defendants are to review all documents to insure that none of the proposed exhibits contain any such reference.

## B. DEFENDANT'S MOTIONS IN LIMINE

LINK: 106, 107, 108, 112, 113, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

<u>Motion</u> in <u>Limine</u> <u>No.</u> 1: To Exclude Evidence and Argument of Alleged Failure to Promote Before April 26, 2005.

     Defendants argue that Plaintiff should be precluded from presenting evidence regarding any failure to promote prior to April 26, 2005.  Defendants contend that the Court should grant its motion because

> such a claim is not specifically pled in Robinson's Complaint (Dkt #1), and also is specifically barred by a Settlement Agreement executed on April 26, 2005 regarding Robinson's appeal of his promotion examination score, pursuant to which Robinson released any and all claims arising out of or connected with his employment concerning the subject matter of his appeal arising before the date of the settlement.

(Mot. at 2.)  For these reasons, Defendants contend that evidence of the failure to promote prior to that date is not relevant and creates risk of undue prejudice.

     In opposition, Plaintiff contends that Paragraph 23 of his Complaint encompasses pre-April 2005 decisions to promote persons other than Robinson, which were based on the promotion list established in 2003, and that the release in the settlement agreement was limited to his grievance which challenged his interview score.  (Oppos. at 2-3.)

     The Court is persuaded that Defendant is correct.  Although the Complaint references the 2003 promotional examination and identifies events leading to 2005 that support his assertion that decisions made after April 2005 were retaliatory, its allegations of retaliation center on events after April 2005.  Specifically, Paragraph 15 states that, after the appeal which gave rise to the settlement agreement, Robinson was placed in Band I with 10 other candidates.  The Complaint thereafter plainly asserts a theory that he was thereafter a victim of unconstitutional retaliation.  (Complaint, Docket No. 1, ¶¶ 16 et seq.)  That alone is sufficient to grant the motion.  Furthermore, in connection with the dispute between Robinson and the County over his interview score, classification and ranking for promotion, Robinson agreed to "fully release, acquit, and forever discharge Office of Public Safety, County of Los Angeles [and all employees thereof] from any and all liability whatsoever for any and all claims arising out of or connected with the employment relationship between County and Petitioner concerning the subject matter of the litigation between the parties . . . ."  Because the litigation involved his ranking for promotion, the release clearly encompasses any promotion-related claims up to that date.

LINK: 106, 107, 108, 112, 113, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

For the foregoing reasons, the motion to exclude evidence of non-promotion prior to April 26, 2005, is **GRANTED**.

Motion in Limine No. 2: To Exclude Evidence and Argument of Allegedly Protected Speech More than One Year Before Failure to Promote

As discussed below, the motion is **GRANTED IN PART** and **DENIED IN PART**. Evidence of the 2002 lawsuit and Robinson's testimony in that litigation will be excluded. Evidence of his 2003 reports of corruption will be admitted.

In this motion, Defendants seek to exclude evidence of "allegedly protected speech by Robinson more than one year before April 26, 2005 . . . ." The motion encompasses testimony by Robinson in 2002 in a discrimination case, a report in 2003 regarding conduct of an officer working for a private employer while on the OPS clock, and reports made in 2003 and 2004 regarding officers drinking alcohol while on the job. Defendants contend that the speech is too remote in time to be relevant to the alleged claim of retaliation, and in fact occurred prior to the employment of York as Chief of OPS. In opposition Plaintiff argues that, because the Court has already concluded that the matters under discussion in this motion involve matters of public concern, they should be admitted.

Plaintiff's opposition misses the point. Even though Robinson may have spoken out on matters of public concern in the past, to prove retaliation he must show "a causal link between the [speech] and the adverse employment action." Cornwell v. Electra Cent. Cred. Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006) citing Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464 (9th Cir. 1994). The temporal proximity of the protected activity to the adverse employment action bears on the existence of the causal link. E.g., Cornwell, 439 F.3d at 1035; Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir. 1987). On the other hand, there is no hard and fast rule in First Amendment cases that all speech must be close in time to the retaliation to be admitted as evidence at trial. For example, in Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001), cited by Defendants, the Supreme Court observed that where knowledge of the protected activity, and hence a causal connection, is based only on temporal proximity between the event and the adverse employment action, the temporal proximity must be close. At the same time, where the claim of retaliation is based on a series of events that have occurred over a period of time, with some of those events occurring close in time to the adverse employment actions, the Court is persuaded that the logic of these cases is less compelling.

In this case, the Court agrees that the testimony in the 2002 case is too remote and should

LINK: 106, 107, 108, 112, 113, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

not be admitted. First, the testimony was favorable to a claim made by Victor Turner, one of the named defendants in this case. It is not logical to conclude that Turner took an adverse action against Robinson based on Robinson's assistance in the 2002 case. Moreover, the 2002 litigation preceded York's hiring by at least a year, and there is no evidence that defendant Nash was a party to or involved in any way in the 2002 case. Accordingly, the event is too remote to have any logical connection to the post-April 2005 adverse employment action. Moreover, even if it had some slight probative value, the Court concludes that admitting evidence of that event at trial would create a risk of undue prejudice and confusion.

On the other hand, the 2003 events, which are also the subject of a follow up report he made in 2004, will be admitted. Robinson persisted in pursuing these complaints after York was hired and into the year time period prior to the alleged adverse employment action. The Court is therefore satisfied that these events bear a sufficient connection to the adverse employment action to be considered by the jury at trial.

Thus, as indicated above, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Motion in Limine No. 3: To Exclude Evidence and Argument Contrary to Arbitrator's Finding of Just Cause for Reprimand

This motion is based on information relating to an arbitration proceeding that was held in January 2007 and resulted in a written decision (Ex. 8) issued by the arbitrator on May 22, 2007. The arbitration arose out of a written reprimand to Robinson who, while assigned to Health Services Bureau, allegedly interfered with matters in the Park Services Bureau where his girlfriend, Nancy Leiva, was assigned. Leiva complained to Robinson of favoritism toward another officer, Angela Contreras, and Robinson interjected himself into the situation. His effort to involve himself in the dispute resulted in a written reprimand that read:

> On January 25, 2007, you unnecessarily and knowingly interjected yourself into matters which were the responsibility of another OPS bureau, by requesting a copy of radio transmission for a January 24, 2005 Parks Services Bureau incident. In making the request you also failed to notify your supervisor that you had information pertinent to an investigation.

(Ex. 8 at 3.) York was the author of the reprimand. After the grievance was heard by the arbitrator, he issued a written ruling in which he found that OPS had just cause to issue the reprimand. (Id. at 9.)

LINK: 106, 107, 108, 112, 113, 114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

Defendants move to preclude Plaintiff from offering any evidence that would contradict the arbitrator's decision. Plaintiff does not actually oppose the motion because Plaintiff concedes that evidence relating to the event "is not relevant to this lawsuit." (Oppos. at 3.)

The motion is **GRANTED.**

Motion in Limine No. 4: To Exclude Evidence and Argument: (1) of Alleged Lost Earnings after September 30, 2010; and (2) Challenging the Legality of the Disbandment of the Office of Public Safety or Plaintiff's Layoff

In this motion, Defendants seek to exclude evidence of any lost earnings after September 30, 2010, and evidence challenging the legality of the disbandment of the OPS. On the latter issue Plaintiff indicates that he has no objection. The motion is to that extent **GRANTED** as unopposed.

On the damages question, Defendants contend that Plaintiff is not entitled to any damages after September 30, 2010, because the department was shut down on that date. For that reason, Defendants contend that he could not have continued to accrue lost earnings beyond that date. Moreover, Defendants contend that the propriety of the shutdown, and the legality of the layoffs resulting from that shutdown, are being litigated in another lawsuit – Coker et al. v. County of Los Angeles, et al., Case No. BC 462419 (Los Angeles County Superior Court). More particularly, Defendants seek to preclude Robinson's expert economist from testifying to economic losses that include computations for events occurring after September 30, 2010.

Plaintiff opposes the motion. Plaintiff contends that, the layoff notwithstanding, he still has pension rights and will collect a pension in a sum that is less than he would have received had he been promoted.

It appears that there is some merit to each argument. The Court concludes as follows:

(1) Plaintiff can present evidence regarding his alleged lost wages from the date on which he claims he was improperly denied promotion to the date of his layoff. He cannot claim other lost wages because that would require this Court to litigate the propriety of the layoff which is not an issue in the present litigation.

(2) To the extent that Plaintiff's layoff does not preclude him from collecting a pension at some point in the future, Plaintiff can present evidence regarding the impact of the failure

LINK: 106, 107, 108, 112, 113, 114

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-2409-GAF | Date | October 7, 2011 |
|---|---|---|---|
| Title | Richard Robinson v. County of Los Angeles, Office of Public Safety, et al. | | |

to promote on his pension.  In that regard, his expert can offer an opinion based on the date on which he can begin collecting his pension for the remainder of his life expectancy.  The expert, however, must not incorporate into his assumptions any wages or benefits that might have otherwise accrued between September 30, 2010, and his retirement date.

Accordingly, the motion is **GRANTED IN PART** and **DENIED IN PART**.  The hearing scheduled for October 24, 2011 is **VACATED.**

**IT IS SO ORDERED.**